UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HDI-GERLING INDUSTRIE VERSICHERUNG AG,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC DISTRIBUTION SERVICES LLC,<br><br>Defendants. | Case No. 10-5105RJB<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY |

This matter comes before the court on Defendant's Motion to Compel Discovery. Dkt. 12. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**1. Motion to Compel**

On February 12, 2010, plaintiff HDI-Gerling Industrie Versicherung AG (HDI), the insurer of Rothfos Corporation (Rothfos) and InterAmerican coffee company (InterAmerican), filed a subrogation lawsuit against defendant Pacific Distribution Services (Pacific). Dkt. 1. The complaint alleges that Rothfos and InterAmerican stored raw coffee beans in Pacific's warehouse, that the coffee beans were in good condition when they arrived at the warehouse, and that the coffee beans were damaged in storage due to Pacific's negligence. Dkt. 1.

Pacific contends that, on June 11, 2010, HDI responded to a first set of discovery requests by relying on a preliminary survey report. Dkt. 13, at 2.

ORDER
Page - 1

On December 30, 2010, Pacific filed a motion to compel, requesting that the court order HDI to respond to a second set of discovery requests and to provide updated expert reports. Dkt. 12. In this second set of discovery requests, HDI asked for a response Interrogatory No. 24:

> Explain the basis for your contention that the Cargo referenced in your complaint suffered damage other than normal aging and deterioration processes caused by the length of time that the Cargo was stored.

Dkt. 13, at 24. HDI's response to the second set of discovery requests was due on December 2, 2010. . Pacific also requested that HDI provide documents related to ongoing investigations, tests or inspections. Dkt. 13, at 26. At the time the motion to compel was filed, on December 30, 2010, HDI had not responded to the second set of discovery requests.

On January 20, 2011, HDI filed a response to the motion, acknowledging that the response was late. Dkt. 14. HDI contends that, since the motion to compel was filed, HDI responded to the second set of discovery requests. HDI also provided Pacific with "The Third Update–Report" of HDI's surveyor/expert in Germany, revising his opinions about the damages at issue, and clarifying the amount of the claimed damages. Dkt. 14, at 1-2. HDI further stated as follows:

> Plaintiff does not contend that it has provided all of the information Defendant has requested or to which it is entitled, but undersigned counsel represents that he has provided all of the information available to him and that he has diligently requested such information. Plaintiff believes its claims are meritorious, although plaintiff's experts have not yet identified a precise cause of the damages they found. Under these circumstances, plaintiff requests that the Court grant Plaintiff additional time, not to exceed four weeks, to provide the information and documentation requested by defendant.

Dkt. 14, at 2.

On January 21, 2011, Pacific filed a reply, contending that "The Third Update–Report" was dated April 1, 2010, and should have been provided months ago; that this document provides a much lower revised claim amount than the original claim; and that the document states that investigation is continuing. Dkt. 15. This report also stated that the cause of the damage is still unknown. Pacific contends that HDI has no expert who can give an opinion on the cause of the damage.

**2. Legal Standard**

Pursuant to Fed.R.Civ.P. 37, (a)(3)(B), a party seeking discovery may move for an order compelling an answer, designation, production or inspection, if a party fails to answer interrogatories

submitted under Fed.R.Civ.P. 33, or if a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Fed.R.Civ.P. 34.

**3. Motion to Compel**

The responses to the second set of discovery requests, although late, have been provided to Pacific. HDI has an obligation to supplement disclosures and responses. *See* Fed.R.Civ.P. 26(e).

Expert witness disclosure/reports were due by November 26, 2010. *See* Dkt. 9. HDI is required to supplement these disclosures. *See* Fed.R.Civ.P. 26(a)(2)(D). HDI contends that it does not have an expert who can give an opinion on the cause of the damage.

HDI's counsel stated that he has provided all of the information available to him, and that HDI's experts have not yet identified the cause of the damage. HDI and its counsel are bound by the requirements of Fed.R.Civ.P. 11. HDI should not be required to compel responses and information regarding experts when there is no indication that HDI has the information requested. At this point, there is no basis upon which the court can order HDI to provide the information Pacific requests. The motion to compel should be denied.

**4. Request for Extension of Time**

In its response to the motion to compel, HDI requests that the court provide HDI up to four weeks to provide further information regarding the issues raised in the motion to compel. This request is not properly raised in a response to the motion to compel. Further, HDI has not given a specific reason why the deadline should be extended, or any reason to expect that HDI will be able to produce an expert on causation, particularly since HDI conceded that its experts have not yet identified a precise cause of the damages they found. HDI is not precluded from renewing this request by motion, with the opportunity for response and reply, as is provided for in Local Rule CR 7. However, the parties should be mindful that the dispositive motion deadline is set for February 22, 2011. Dkt. 9.

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Compel Discovery (Dkt. 12) is **DENIED**. HDI's request that it be afforded up to four weeks to provide further information and documentation related to Pacific's request (Dkt. 14) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of January, 2011.

Robert J Bryan
United States District Judge